**FILED**

JAN – 8 2010

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) **CIVIL ACTION NO. _____** |
| **v.** | ) |
| | **S A10CA0013 XR** |
| **$88,000.00, MORE OR LESS, IN UNITED STATES CURRENCY,** | ) |
| | ) |
| | ) |
| **Respondent.** | ) |

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner United States of America, acting by and through the United States

Attorney for the Western District of Texas and the undersigned Assistant United States Attorney,

pursuant to Title 28 U.S.C. Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset

Forfeiture Actions, and respectfully states as follows:

## I.
### JURISDICTION AND VENUE

The Court has original jurisdiction of all civil actions, suits or proceedings commenced by

the United States under Title 28 U.S.C. § 1345 and over an action for forfeiture under Title 28

U.S.C. § 1355(a). This Court has *in rem* jurisdiction over the Respondent Property under Title 28

U.S.C. §§ 1355(b) and 1395(a).   Venue is proper in this district pursuant to Title 28 U.S.C.

§ 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

The Respondent Property was seized in Gonzales County, Texas, on December 11, 2009, by

law enforcement officers and agents.  The Respondent Property has remained in the custody of the

Internal Revenue Service, within the jurisdiction of the United States District Court, Western District

of Texas, San Antonio Division, and shall remain within the jurisdiction of the court pending litigation of this case.

## II.
## DESCRIPTION OF RESPONDENT PROPERTY

The Respondent Property is described as $88,000.00 in United States Currency, and was found at the time of seizure in the following denominations: $20.00 x 900; $100.00 x 700, for a total of $88,000.00.

## III.
## VIOLATIONS

This is a civil forfeiture action *in rem* brought for violations of Title 31 U.S.C. § 5332, and subject to forfeiture to the United States of America pursuant to Title 31 U.S.C. §§ 5332(c) which states:

**§ 5332(c) Civil Forfeiture**
The following property is subject to forfeiture to the United States:

> **(c)** Any property involved in a violation of subsection (a), or a conspiracy to commit such violation, and any property traceable to such violation or conspiracy, may be seized and forfeited to the United States.

## IV.
## BURDEN OF PROOF

At trial, the United States of America will establish by a preponderance of the evidence that the Respondent Property is subject to forfeiture and should be forfeited to the United States of America as alleged by the Verified Complaint for Forfeiture.

## V.
## FACTS IN SUPPORT OF VIOLATIONS

On or about December 11, 2009, a Texas Department of Public Safety law enforcement officer (hereinafter "DPS officer") conducted a traffic stop of a vehicle being driven by Jesus Rosendo Cabello Reyes (hereinafter "Cabello Reyes") near Gonzales, Texas, for following too closely to the vehicle in front of him. During this stop, Cabello Reyes, the sole occupant of the vehicle, stated that the vehicle's speedometer did not work and therefore he was following the vehicle in front of him closely to gauge his speed. As the DPS officer conversed with Cabello Reyes, he noticed that the engine was running at an "extremely high idle," making it difficult to hear Cabello Reyes as he spoke to him. The DPS officer was concerned that this high idle could make the vehicle unsafe to drive so he asked Cabello Reyes to open up the hood of the vehicle in order to inspect the engine and Cabello Reyes agreed. The DPS officer noted the engine appeared to have been worked on recently as indicated by the fresh tool marks left on the bolts of the engine and with the components of the engine having been removed. With these observations and the DPS officer's prior knowledge of contraband and/or currency being smuggled inside modified compartments contained within the engine of the vehicles he asked Cabello Reyes for consent to search the vehicle. Cabello Reyes verbally consented to the search of his vehicle. The DPS officer asked Cabello Reyes if he had any drugs, money and/or firearms in the vehicle which Cabello Reyes denied. After further questioning by the DPS officer, Cabello Reyes stated that he had bought the vehicle three months ago and that he had not had any recent engine work done to the vehicle. Cabello Reyes continued to inform the DPS officer that the vehicle did belong to him.

A search of the vehicle by the DPS officer revealed that a probe into the intake manifold contained something solid and was not hollow inside as usual. This discovery was indicative of a

hidden compartment mainly used for the transport of contraband and/or currency. The DPS officer proceeded with Cabello Reyes to a local mechanic for closer inspection. Once the intake manifold was removed it was revealed that the compartment cover was closed with pop rivets which are not factory to the engine. The rivets were grinded off and the compartment was opened to reveal three bundles wrapped in black electrical tape. The intake compartment was filled with one bundle containing 700 one hundred dollar bills and two bundles containing 900 twenty dollar bills totaling approximately $88,000.00 in United States Currency. When the DPS officer questioned Cabello Reyes about this currency he denied any knowledge of the currency being hidden in his vehicle and stated the currency did not belong to him.

During a subsequent interview with agents from the Internal Revenue Service, Cabello Reyes informed them that he had bought the vehicle from a friend named Ricardo Galvino Fernandez (hereinafter "Fernandez") but still owed a balance on the vehicle. Cabello Reyes admitted to the agents that he was asked by Fernandez to contact a mutual acquaintance because this individual may have something for Cabello Reyes to bring back to Mexico from Houston. Since Cabello Reyes was not able to pay Fernandez for the vehicle he agreed to pick up the package in Houston. After a search of Cabello Reyes' cellular phone, it was discovered that this individual was listed and Cabello Reyes was contacted by him to arrange a meeting in Houston. At this meeting, the individual mentioned that he did not have a package for Cabello Reyes. Cabello Reyes mentioned to the individual that his check engine light was on in his vehicle and the individual offered to have a mechanic look at the vehicle. Cabello Reyes agreed to let the individual drive the vehicle to this mechanic and approximately eight hours later, he returned with the vehicle. Cabello Reyes noticed the following day that the accelerator cable was stiff and after failing an attempt to fix the cable,

4

Cabello Reyes proceeded to drive the vehicle from Houston, Texas back to Monterrey, Nuevo Leon, Mexico. He was later stopped by the DPS officer in Gonzales County, Texas.

## VI.
## PRAYER

That by virtue of the facts and circumstances supporting the seizure and forfeiture of the Respondent Property, as contained in the aforementioned actions, uses, and premises and/or intended actions, uses, and premises, the Respondent Property is subject to forfeiture to the United States of America pursuant to the provisions of Title 31 U.S.C. § 5332.

WHEREFORE, the Petitioner, United States of America, prays as follows:

1. That public notice shall be issued through an official Internet government forfeiture site for at least thirty (30) consecutive days, pursuant to Rule G(4)(a)(iv)(C), Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions. Any person claiming a legal interest in the Respondent Property must file a Verified Claim with the court within **sixty (60)** days from the first day of publication of this Notice and an Answer within **twenty (20)** days thereafter. Title 18, Untied States Code, Section 983(h)(1) permits a court to impose a civil fine on anyone asserting an interest in property that the court determines is frivolous. The Verified Claim and Answer must be filed with the Clerk of the Court, 655 East Durango, San Antonio, Room G65 Texas 78206, and copies of each served upon Assistant United States Attorney, Mary Nelda G. Valadez, 601 NW Loop 410, Ste. 600, San Antonio, Texas 78216, or default and forfeiture will be ordered. *See* Title 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules of Admiralty or Maritime Claim and Asset Forfeiture Actions.

2. That notice to known potential claimants shall be by direct notice. Any persons asserting an interest in or claim against the Respondent Property who have received direct notice of the

5

forfeiture action must file a Verified Claim with the Clerk of the United States District Court, 655 East Durango, San Antonio, Room G65, Texas 78206, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, **thirty-five (35)** days after the notice was received and an Answer within **twenty (20)** days thereafter. Copies of the Verified Claim and Answer must be served upon Assistant United States Attorney, Mary Nelda G. Valadez, 601 NW Loop 410, Ste. 600, San Antonio, Texas 78216, or default and forfeiture will be ordered. *See* Title 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules of Admiralty or Maritime Claim and Asset Forfeiture Actions;

3. That Warrant of Arrest *in rem* issue to the Internal Revenue Service for the Western District of Texas or any other authorized law enforcement officer or any other person or organization authorized by law to enforce the warrant, commanding the arrest of the Respondent Property;

4. That the Internal Revenue Service be granted the authority by the Court, upon arrest of the Respondent Property, to designate any other authorized law enforcement agency or any other authorized person or organization to act as substitute custodian of the Respondent Property;

5. That Judgment of Forfeiture be decreed against the Respondent Property;

6. That upon Final Decree of Forfeiture, the Internal Revenue Service shall dispose of the Respondent Property in accordance with law; and

7. For costs and for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JOHN E. MURPHY
United States Attorney

BY: _____

MARY NELDA G. VALADEZ
Assistant United States Attorney
Asset Forfeiture Section
601 NW Loop 410, Ste. 600
San Antonio, Texas 78216
(210) 384-7040
(210) 384-7045 Facsimile
Texas Bar No. 20421844

Attorneys for the United States of America

7

## **VERIFICATION**

STATE OF TEXAS                )
                                          )
COUNTY OF TRAVIS          )

Special Agent, Matthew Bailie, declares and says that:

1.      I am a Special Agent with the Internal Revenue Service, assigned to the San Antonio

District Office, and am the investigator responsible for the accuracy of the information provided in

this litigation;

2.      I have read the above Verified Complaint for Forfeiture and know the contents

thereof; that the information contained in the Verified Complaint for Forfeiture has been furnished

by official government sources; and based on information and belief, the allegations contained in the

Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 7th day of January, 2010.

Matthew Bailie, Special Agent
Internal Revenue Service
San Antonio District Office

Subscribed and sworn to before me on this the 7th day of January, 2010.

DENISE AMY LOVE
Notary Public, State of Texas
My Commission Expires
October 12, 2013

Notary Public in and for the State of Texas

My Commission Expires: 10|12|13